**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ana Adlerstein, et al., ) | |
| Plaintiffs, ) | No. CIV 19-500-TUC-CKJ |
| vs. ) | **ORDER** |
| United States Customs and Border ) Protection, et al., ) | |
| Defendants. ) | |

Pending before the Court is the Motion for Protective Order Quashing Plaintiffs' Excess Interrogatories (Doc. 59).  Defendants request interrogatories propounded by Plaintiffs in excess of the 25-interrogatory limit in the Court's scheduling order and Fed.R.Civ.P. 33(a) be quashed.  A response (Doc. 60) and a reply (Doc. 61) have been filed.

*Applicable Procedural History*

On or about February 11, 2022, Plaintiffs propounded 25 interrogatories to Defendants.  The interrogatories stated that they were propounded by the three Plaintiffs in the case to the three federal agencies and the three top official at each agency who are defendants in this case.  *See* Plaintiffs' Interrogatories to Defendants, Set One, (Doc. 59-2, Ex. 1, p. 3).  Specifically, the Interrogatories state the responding party as United States Customs and Border Protection ("CBP"), *et al*., which includes Commissioner of U.S. Customs and Border Protection Christopher Magnus, U.S. Immigration and Customs Enforcement ("ICE"), Acting Director of U.S. Immigration and Customs Enforcement Tae

D. Johnson, the Federal Bureau of Investigation ("FBI"), Director of the Federal Bureau of Investigation Christopher A. Wray.   Defendants served responses and objections to the interrogatories; the responses and objections stated they were on behalf of all Defendants and included verifications from multiple Defendants.

On or about July 8, 2022, Plaintiffs propounded an additional 28 interrogatories to CBP and an additional 10 interrogatories to ICE.   The Interrogatories state they are propounded by all three Plaintiffs with the following footnote included:

> Federal Rule of Civil Procedure, Rule 33(a)(1) provides that "a party may serve on *any other party* no more than 25 written interrogatories."  Plaintiffs Ana Adlerstein, Jeff Valenzuela, and Alex Mensing are three different parties and are therefore each entitled to propound 25 written interrogatories upon each Defendant. Collectively, Plaintiffs may thus propound up to 75 interrogatories upon Defendant U.S. Customs and Border Protection without stipulation or court order. Interrogatories 1 through 25 are considered to be propounded by Plaintiff Adlerstein. Interrogatories 26 through 50 are considered to be propounded by Plaintiff Jeff Valenzuela. Interrogatories 51 to 53 are considered to be propounded by Plaintiff Alex Mensing.

Plaintiffs' Interrogatories to Defendant CBP, Set Two (Doc. 59-2, Ex. 3, p. 3), *emphasis in original*; *see also* Plaintiffs' Interrogatories to Defendant ICE, Set Two (Doc. 59-2, Ex. 4, p. 3).

Defendants object to the additional interrogatories as exceeding the 25-interrogatory limit in the scheduling order and Fed.R.Civ.P. 33(a).  Plaintiffs assert the additional interrogatories do not exceed the limit.

Counsel have personally consulted with each other and made sincere efforts, but have been unable to resolve the matter.[1]


*Federal Rules of Civil Procedure 26(c)(1) and 33(a)*

The rule regarding interrogatories states:

---

[1] The Court's February 2, 2022, Scheduling Order directed to counsel to informally notify the Court of any discovery disputes before submitting briefs regarding discovery disputes. Scheduling Order (Doc. 54, p. 3).  Despite counsel's failure to comply with the procedure laid out by the Court, the Court will consider this issue.

(1) Number. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Fed.R.Civ.P. 33(a).  Additionally, a Court is permitted to issue an order protecting a party from discovery:

1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

* * * * *

Fed.R.Civ.P. 26(c)(1).

*Limitation of Interrogatories*

Defendants not only argue the rule prohibits excess interrogatories, but also point out that the Scheduling Order states that the limits on discovery . . .  as set forth in Fed.R.Civ.P. 33 shall apply in this case.  Indeed, a person from whom discovery is sought may obtain a protective order if the Court finds that such an order is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c)(1); *see also Sullivan v. Prudential Ins. Co. of America*, 233 F.R.D. 573 (C.D.Cal. 2005) ("[t]he party who resists discovery has the burden to show discovery should not be allowed"); *Nelson v. Capital One Bank*, 206 F.R.D. 499, 500 n. 1 (N.D.Cal. 2001).

Defendants argue that, if Fed.R.Civ.P. 33(a) permits a "party" to serve up to 25 interrogatories on "any other party," an unintended result would occur.   Specifically,

Plaintiffs would then be allowed 450 total interrogatories in this case (with an additional 450 allowed to the defense).  Defendants point out that where Plaintiffs are represented by a single attorney and, in effect, act in unison," courts have recognized that the "more sensible approach" is to consider "nominally separate parties [as] one party for purposes of the 25-interrogatory limitation."  *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006), *quoting* 8B Charles Alan Wright et al., Federal Practice & Procedure § 2168.1 (2d ed. 1994)), *accord Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 664 (D. Colo. 2005). Plaintiffs assert, however, that each Plaintiff complains of constitutional misconduct that occurred at different times, different locations, by different border officers, and with different injuries.  In other words, Plaintiffs are not similarly situated.  The Court agrees with Plaintiffs that they are not nominally separate parties.  While the claims of each Plaintiff generally address overall border policies and procedures, the specific claims significantly differ factually.

Plaintiffs also point out that the plain text of the rule supports their position.  Other courts have reached different conclusions in addressing this issue.  *See e.g., Zamora v. D'Arrigo Bros. Co. of Cal.*, No. C04-00047 JW (HRL), 2006 WL 931728, at *4 (N.D. Cal. 2006) ("each plaintiff may serve each defendant with 25 interrogatories"); *Mirakl, Inc. v. VTEX Com. Cloud Sols. LLC*, 544 F. Supp. 3d 146, 147 (D. Mass. 2021) (plaintiff may serve 25 interrogatories on each defendant); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (the "more sensible approach" is to impose limitation based on "sides" rather than "parties"); *see also* David S. Yoo, Rule 33(a)'s Interrogatory Limitation: by Party or by Side?, 75 U. Chi. L. Rev. 911 (2008)).

 The interrogatory limitation of Fed.R.Civ.P. 33(a) and the deposition limitations of Fed.R.Civ.P. 30 and 31 were imposed in 1993.  The deposition limits "speaks in terms of 'sides' rather than parties[.]"  Number of Interrogatories, 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.) (April 2022), as opposed to parties as in the interrogatory limitation.  In other words, it appears the Supreme Court intended to treat the limitations of depositions differently than

- 4 -

from the limitations of interrogatories.  In light of the plain language of Rule 33, the Court finds the interrogatory limitation applies to each party.

*Plaintiffs' Interrogatories to Defendants, Set One*

Plaintiffs point out that, "[i]n their second set of 38 interrogatories, Plaintiffs made clear that the first set of interrogatories was served by Ms. Adlerstein alone, and that Mr. Valenzuela and Mr. Mensing were entitled to propound their own 25 interrogatories upon each of the three agency Defendants."  Response (Doc. 60, p. 11).  However, Plaintiffs' first set of interrogatories clearly stated they were propounded on behalf of all three Plaintiffs and served to all six Defendants.  In other words, while Plaintiffs seeks to have the Court strictly apply the language of the rule, they do not want the Court to strictly interpret the statement of who propounded the first set of interrogatories.  Additionally, Plaintiffs point out that the majority of responses were verified by CBP, while some Defendants did not verify any responses.   In other words, although the response/objection states it is on behalf of all Defendants, Plaintiffs appear to assert the use of an interrogatory should only be counted as to the verifying party.   Further, they argue:

> Defendants, understanding that the first set of interrogatories was deemed to be propounded by a single Plaintiff, themselves only propounded a single set of responses to the first set of interrogatories. They did not propound three different responses for each Plaintiff, nor did Plaintiffs demand such—as would have been the case if Plaintiffs they truly intended to propound the Interrogatories on behalf of each Plaintiff.

Response (Doc. 60, p. 11).  However, this ignores the plain language used in both the request for and response to interrogatories which designated the documents as on behalf of multiple parties.

Morever, the October 1, 2021, Joint Report stated, "Plaintiffs also anticipate propounding more than 25 interrogatories to Defendant U.S. Customs and Border Protection."  Joint Report (Doc. 44, p. 4-5).  It appears that, only after serving the first set of interrogatories, did Plaintiffs realize that each Plaintiff propounding interrogatories would

- 5 -

increase the total amount of interrogatories.

Citing to *Trevino v ACB American Inc.*, 232 F.R.D. 612, 614 (N.D. Cal 2006), Plaintiffs state a well-established approach allows the Court to treat the first set of interrogatories as propounded by just one Plaintiff.  However, in *Trevino*, defendants had not yet answered the first set of interrogatories.  Although Plaintiffs assert in their response that Defendants do not claim the additional interrogatories would be prejudicial, in their reply Defendants argue:

> Allowing plaintiffs to belatedly deem their prior interrogatories to have been propounded solely by plaintiff Adlerstein would unfairly prejudice defendants by preventing them from appropriately objecting to the now-amended interrogatories. For example, many of those prior interrogatories did not concern plaintiff Adlerstein. *E.g.*, Coyle Decl. Ex. 1, Int. Nos. 18–21 (concerning plaintiff Valenzuela); Int. Nos. 22–25 (concerning plaintiff Mensing).  Had defendants known up front that plaintiff Adlerstein was seeking information that had no bearing on her claims, defendants would have objected on relevance grounds.

Reply (Doc. 61, p. 6).  The Court finds Defendants would be prejudiced if the Court treated the first set of interrogatories as having only been propounded by Plaintiff Adlerstein.  The Court declines to make such a determination.

*Interrogatory Limit*

As previously stated, the Joint Report indicated that Plaintiffs anticipated needing more than 25 interrogatories.  Their response to the pending motion indicates they seek a total of 225 interrogatories.  Although the Scheduling Order set limits on the number of interrogatories, it allows for a party to seek to expand the interrogatory limit.  Feb. 22, 2022 Scheduling Order (Doc. 54, p. 2).  As pointed out by Plaintiffs:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  Further, a Court "may alter the limits in these rules on the number of

1  . . . interrogatories[.]" Fed.R.Civ.P. 26(b)(2).

2  Plaintiffs assert their request is "proportional to the needs of this case, which concerns

3  the misconduct of large government bureaucracies that injured each Plaintiff in separate and

4  meaningfully distinct ways." Response (Doc. 60, p. 12). Further, Plaintiffs point out that

5  Defendants did not assert that responding to the additional interrogatories would be unduly

6  burdensome. In their reply, however, Defendants state it "would a fortiori be unduly

7  burdensome for defendants here to have to answer hundreds of interrogatories sought be

8  plaintiffs" Reply (Doc. 61, p. 5). They point to another district court which "found that even

9  though a literal reading of Rule 33(a) might allow the three defendants to propound 75

10  interrogatories on the plaintiff, it would likely be "unduly burdensome and duplicative" for

11  the plaintiff "to have to answer this many interrogatories." *St. Paul Fire & Marine Ins. Co.*

12  *v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003).

13  In determining appropriate proportional discovery to the needs of the case, the Court

14  considers the importance of the issues, the amount in controversy, the parties' relative access

15  to relevant information, the parties' resources, the importance of the discovery in resolving

16  the issues, and whether the burden or expense of the proposed discovery outweighs its likely

17  benefit. The issues presented in this case require discovery into both the facts of each

18  incident as well as policies of multiple Defendants. Further, it appears Plaintiffs have limited

19  access to relevant information. Although Defendants may be prejudiced and burdened by

20  additional interrogatories, the Court finds it would be minimal in light of the issues presented

21  in the case. However, the Court is concerned about the duplicative nature of the requested

22  discovery.

23  The Court finds it appropriate to increase the number of interrogatories propounded

24  by each Plaintiff. Plaintiffs will each be permitted to propound an additional 25

25  interrogatories to the defense. For purposes of this Order and calculating the additional

26  interrogatories, the Court finds Defendant are nominally separate parties and shall be

27  considered one party. *Zito*, 233 F.R.D. at 399. Indeed, CBP and ICE are both part of U.S.

28

Department of Homeland Security.  U.S.  Department of Homeland Security, Enforce and Administer U.S. Immigration Laws, https://www.dhs.gov/secure-us-borders-and-approaches (last accessed 9/21/22),[2] and the FBI routinely cooperates and works closely with other "federal law enforcement agencies on joint investigations and through formal task forces—both national and local—that address broad crime problems and national security threats."  FBI, How does the FBI interact with other federal law enforcement agencies?, https://www.fbi.gov/about/faqs/what-is-the-fbi-doing-to-improve-its-interaction-with-other-federal-law-enforcement-agencies (last accessed 9/21/22); *see also* FBI, Corruption on the Border, https://www.fbi.gov/news/stories/border-corruption-campaign-enlists-publics-help (last access 9/21/22) ("The FBI has 22 border corruption task forces and working groups across the country staffed by 39 local, state, and federal partner agencies, including U.S. Customs and Border Protection, the Drug Enforcement Administration, and the Transportation Security Administration.").

Because the Court is only granting Plaintiffs' request for additional interrogatories in part, it in unknown if Plaintiffs will continue to seek, under such circumstances, responses to the additional 38 interrogatories propounded in the second set.  The Court, therefore, will quash these interrogatories, but grant Plaintiffs leave to propound an additional 25 interrogatories per Plaintiff.

Accordingly, IT IS ORDERED:

1.    Defendants' Motion for Protective Order Quashing Plaintiffs' Excess Interrogatories (Doc. 59) is GRANTED IN PART AND DENIED IN PART.

---

[2]The Court finds it appropriate to take judicial notice of information provided on government websites.  *See Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015), *citations omitted* (the Court may take judicial notice of "official information posted on a governmental website, the accuracy of which [is] undisputed"); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies), *citations omitted*.

2.     Plaintiffs' Interrogatories to Defendant United States Customs and Border Protection, Set Two, and Plaintiffs' Interrogatories to Defendant United States Immigration and Customs Enforcement, Set Two, are QUASHED.

3.     Plaintiffs' request to propound additional interrogatories is GRANTED IN PART.  Each Plaintiff may propound an additional 25 interrogatories to the defense.

DATED this 22nd day of September, 2022.

Cindy K. Jorgenson
United States District Judge

- 9 -