WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ana Adlerstein, et al., )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>United States Customs and Border )<br>Protection, et al., )<br>)<br>    Defendants. )<br>) | No. CIV 19-500-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Notice Concerning Order on Plaintiffs' Motion to Compel (Doc. 83) filed by Defendants; Plaintiffs have filed a Response (Doc. 84). Pending before the is the Motion for Reconsideration of April 25 Court Order (Doc. 85). No response has been filed. *See* LRCiv. 7.2(g)(2) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response.").

*Motion for Reconsideration*

Plaintiffs request this Court reconsider its order denying disclosure of additional documents related to the December 10, 2018, email request of Defendant United States Customs and Border Protection ("CBP") to Mexican authorities to detain and deport certain United States citizens (the "December 10 Email"). The Court has discretion to reconsider and vacate an order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The purpose of a motion for

reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986). However, motions for reconsideration are disfavored. *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Indeed, a motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

Other district courts have adopted the following reconsideration standards when the challenged order is not a final judgment or appealable interlocutory order:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened after the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Goff v. Trinity Servs. Grp.*, No. CV2001288PHXDLRJFM, 2022 WL 1143445, at *2 (D. Ariz. Apr. 1, 2022), *citing Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003); *Century Indem. Co. v. The Marine Grp., LLC*, No. 3:08-CV-1375-AC, 2016 WL 96147, at *1 (D. Or. Jan. 7, 2016), *citation omitted* ("In [*Motorola*], the court reviewed the local rules of those districts in the Ninth Circuit that had addressed the issue of reconsideration of interlocutory orders, and the court concluded the rules of the Central District of California 'capture the most common elements of the various

local rules.'"). Additionally, motions for reconsideration should not "repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Motorola*, 215 F.R.D. at 586; *see also* LRCiv 7.2(g)(1).

*April 25, 2023 Order*

In its April 25, 2023, Order, the Court incorrectly concluded the December 10 email did not include Plaintiffs. The parties now agree the December 10 email included the name of Plaintiff Alex Mensing.

*New and Material Fact*

Plaintiffs argue this discovery is a new and material fact that justifies reconsideration. Further, Plaintiffs argue reconsideration is warranted because material differences Plaintiffs could not have known of through reasonable diligence exist in law or fact from what was presented to the Court. *Motorola*, 215 F.R.D. at 586. In fact, Plaintiffs argue:

> The Government's attempts to explain its withholding of this material fact are unpersuasive. In its April 27, 2023, "notice" to the Court, the Government claim that it "did not contend that Plaintiffs' names has not been included in the email in question," only that the associated records surrounding the email did not. Dkt. 83 at 2. But how would the Government know this without reviewing the requested records? If, on the one hand, the Government did not search for or review the requested records because doing so would be too burdensome, its statement to the Court that the RFP "does not seek the production of any documents concerning any of the three plaintiffs" was at best misleading. If, on the other hand, the Government accurately stated that the sought-after records do not concern Plaintiffs, then it did in fact search for them and found nothing—an admission that no burden to conduct the search existed, undermining the Court's burden analysis. Under either scenario, the Government's posture in response to this Request counsels for reconsideration.

Memorandum (Doc. 87, pp. 10-11).

The Court agrees with Plaintiffs that there are "material differences in fact or law from that presented to the Court." *Motorola*, 215 F.R.D. at 586. Further, the Court has no basis to conclude that, at the time of the Court's decision, Plaintiffs could "have known of the factual or legal differences through reasonable diligence[.]" *Motorola*, 215 F.R.D. at 586. Additionally, discovery of documents related to the December 10 email may produce

- 3 -

additional relevant documents.

As discussed in the April 25, 2023, Order, discovery is appropriate if:

> nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed.R.Civ.P. 26(b). The proportionality limit included in the rule is "intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed.R.Civ.P. 26(b) advisory committee note (2015 amendment).

In their Motion to Compel, Plaintiffs argued that, because Request for Production 84 seeks documents concerning one email, this request would likely only result in a minimal amount of documents and would not impose an undue burden on Defendants. Defendants argued that, without naming individuals in such a search, it would be left with potentially broad search terms. While a search, for example, of the terms "December 10, 2018" and "email" may produce documents relating to the request, it may also produce every other email made on that date, replies, and attachments, which would then impose a significant burden on Defendants to review and identify documents relating to the request. Further, as Defendants have provided disclosure referencing the Plaintiffs, an additional search of their names along with searching for the December 10, 2018, email, would not provide any further documents. In other words, were the Court to order the requested disclosure, a search would either result in an excess number of documents Defendants would have to review (search for December 10, 2018 email), resulting in a significant burden, or no new documents (search for December 10, 2018 email with Plaintiffs' names).

While the issues at stake in the action are important and Defendants' resources are significant, it appears the burden of the proposed discovery outweighs its likely benefit. Plaintiffs argue "neither party will be prejudiced by reconsideration of this portion of the Court's Order. The Court already ordered the Government to produce a narrowed list of additional records sought by Plaintiffs' Motion. A modification of the Order to compel the

production of additional records would create no additional prejudice beyond the burden of conducting the searches." Memorandum (Doc. 87, p. 11).  However, while a narrow search would produce no new documents, a broad search would place a significant burden on Defendants to review the documents.

Further, it is not clear how important the discovery is in resolving the issues. Plaintiffs assert the December 10 email played a significant role in a companion case. *See Dousa v. U.S. Dep't of Homeland Sec.*, No. 19CV1255TWRKSC, 2023 WL 2586301, at *12 (S.D. Cal. Mar. 21, 2023) (Plaintiff "has established that the CBP unlawfully retaliated against her for her protected First Amendment activity, violated her Free Exercise right to minister to migrants in Mexico, and violated the RFRA when [a CBP officer] emailed Mexican authorities on December 10, 2018, that 'there exist[ed] a great possibility that [she] d[id] not have adequate documentation to be in Mexico' and that she should be 'den[ied] . . . entry to Mexico' and 'sen[t] . . . back to the United States.'").  However, Plaintiffs make no such argument regarding any other documents (which do not include one or more of Plaintiffs' names) concerning the December 10 email.

Lastly, Plaintiffs assert "neither party will be prejudiced by reconsideration of this portion of the Court's Order. The Court already ordered the Government to produce a narrowed list of additional records sought by Plaintiffs' Motion. A modification of the Order to compel the production of additional records would create no additional prejudice beyond the burden of conducting the searches." Memorandum (Doc. 87, p. 11).

The Court will deny the Motion for Reconsideration of April 25 Court Order (Doc. 85) and confirm its denial of the Motion to Compel as to RFP 84.  However, the Court recognizes that a compromise offer that afforded Plaintiffs an opportunity to provide terms that may allow for specific searches to produce relevant documents was made by the government.  Should Plaintiffs seek to provide reasonable search terms that may produce relevant information or documents that may lead to admissible evidence, Defendants are directed to conduct such searches and provide such documents.

Accordingly, IT IS ORDERED:

1. The Motion for Reconsideration of April 25 Court Order (Doc. 85) is DENIED.

2. The Order denying the Motion to Compel Further Responses from Defendants to Plaintiffs' Request for Production of Documents, Set One (Doc. 66) as to RFP 84 is CONFIRMED. However, should Plaintiffs seek to provide reasonable search terms related to RFP 84 that may produce relevant information or documents that may lead to admissible evidence, Defendants are directed to conduct such searches and provide such documents.

DATED this 5th day of June, 2023.

_____
Cindy K. Jorgenson
United States District Judge